O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THOMAS RICHARDSON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>COMPTON COURT DEPT K,<br><br>　　　　　Respondent. | No. CV 15-10004-JGB (DFM)<br><br>ORDER SUMMARILY<br>DISMISSING PETITION<br>WITHOUT PREJUDICE |

## I.
## INTRODUCTION

On December 30, 2015, Petitioner Thomas Richardson ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition"). The Petition appears to challenge Petitioner's 2015 conviction for "sales of cocaine." Petition at 2. Petitioner alleges that he was denied effective assistance of counsel and that there was a conflict of interest. Id. at 3. For the reasons set forth below, the Petition is summarily dismissed because it plainly appears Petitioner's claims for relief are unexhausted.

///

## II.
## DISCUSSION

A. **Standard of Review**

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." Mayle v. Felix, 545 U.S. 644, 654 (2005). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; Felix, 545 U.S. at 656. Local Rule 72-3.2 of this Court also provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

In addition to reviewing the pending Petition and attached exhibits, the Court also takes judicial notice of Petitioner's records, if any, in the state appellate courts, which are available at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), overruled on other grounds as recognized in Cross v. Sisto, 676 F.3d 1172 (9th Cir. 2012).

B. **Analysis**

The face of the Petition shows that it is directed at Petitioner's current state custody arising from an October 7, 2015 conviction in the Superior Court of Los Angeles County for "sales of cocaine," Case No. TA136819. Petition at 2. The state appellate court records reflect that Petitioner has not appealed his conviction.[1]

---

[1] Although Petitioner states that he has appealed his conviction to the

1   Before seeking federal habeas relief, a state prisoner must exhaust
2   available state remedies, thereby giving the state courts the "opportunity to
3   pass upon and correct alleged violations" of the prisoner's federal rights.
4   Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam) (quoting Picard v.
5   Connor, 404 U.S. 270, 275 (1971) (citation omitted)). To do so, "the prisoner
6   must 'fairly present' his claim in each appropriate state court (including a state
7   supreme court with powers of discretionary review), thereby alerting that court
8   to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004).
9   In this case, the Court finds the Petition must be dismissed as an
10  unexhausted petition because, as established above, Petitioner has not
11  appealed his conviction in state court. See Sherwood, 716 F.2d at 634; see also
12  Coleman v. Thompson, 501 U.S. 722, 731 (1991) ("This Court has long held
13  that a state prisoner's federal habeas petition should be dismissed if the
14  prisoner has not exhausted available state remedies as to any of his federal
15  claims.").
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///

---

"Compton Court Dept K," Petition at 1-2, there is no record of this appeal and even if Petitioner did appeal, Petitioner has not exhausted all available state remedies.

## III.
## CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed pursuant to Habeas Rule 4 and Local Rule 72-3.2. The Clerk is directed to enter judgment dismissing the Petition without prejudice. The Clerk is also directed to notify Petitioner.

Dated: January 27, 2016

_____
JESUS G. BERNAL
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge